Dyer *v.* The State.

---

No. 9242.

DYER *v.* THE STATE.

CRIMINAL LAW.—*Practice.—Instructions.— Venue.*—An instruction, in a trial of a criminal case, is not fatally defective because it does not inform the jury in terms that they must be satisfied that the alleged crime was committed in the county named in the indictment. The phrases "as charged" and "as alleged," used in said instruction, informed the jury that they must be satisfied that the crime was committed at the place charged in the indictment.

SAME.—*Absence of Evidence.—Presumption.*—Without the evidence in the record, the Supreme Court can not judge of the applicability of instructions, or know that they were or were not pertinent to the evidence, and in such condition of the record will assume that the trial court did right. Error will not be presumed, but must be affirmatively shown.

SAME. — *Purity of Reagents.* — *Chemical Analysis.* — *Question for Jury.* — When certain reagents are shown to have been employed in a chemical analysis to be used in evidence, the question of the purity or impurity of such reagents is one for the jury, and a presumption of their impurity can not be indulged in favor of the innocence of the defendant.

From the Noble Circuit Court.

*V. C. Morris*, *J. Morris* and *J. I. Best*, for appellant.

*D. P. Baldwin*, Attorney General, and *J. W. Bixler*, Prosecuting Attorney, for the State.

NIBLACK, J.—This was a prosecution for murder in the first degree. The indictment charged the appellant, John H. Dyer, with having, on the 8th day of January, 1879, at the county of Noble, in this State, feloniously, purposely and with premeditated malice, taken the life of Esther Dyer, his wife, by administering poison to her. The poison charged to have been administered was strychnia.

A jury found the appellant guilty of murder in the first degree, fixing his punishment at imprisonment in the State's prison during life, and a judgment of conviction followed upon the verdict.

The evidence is not in the record, and the only questions discussed by counsel for the appellant arise upon an instruction known as number 5, given by the court upon its own motion, and upon instructions designated as numbers 17 and 25, asked for by the appellant and refused by the court.

Instruction number 5, given by the court, was as follows: "If you are satisfied from the evidence in the cause, with the degree of certainty heretofore stated to you, that the poison charged was administered by the defendant, as charged, with the purpose on the part of the defendant to kill and murder his wife, and that death ensued, as alleged, in consequence thereof, this will be sufficient to sustain the indictment and convict the defendant."

It is contended that this instruction was fatally defective because it did not inform the jury that they had also to be

satisfied that the alleged crime was committed in Noble county.

We construe the instruction thus complained of as meaning that if the jury were satisfied that the poison was administered by the appellant, at the time, place, and in the manner charged in the indictment, with the purpose on his part of killing and murdering his wife, and that death ensued in consequence of the administration of such poison, that was sufficient to authorize the conviction of the appellant.

As thus construed, the jury were substantially told that they were required to be satisfied that the crime was committed at the place charged in the indictment, that is, in the county of Noble. The objection urged to the instruction can not, therefore, be sustained.

Instruction No. 17, asked for by the appellant, was as follows:

"It will also be proper for you to consider whether or not the defendant ever denied having purchased the strychnia. Whether he did not avow it consistently and at all times. Whether he had opportunity and could have concealed the strychnia, and whether, if guilty, he would have done so."

Without the evidence before us, we are unable to judge of the applicability of this instruction to any portion of the evidence, or of its materiality in any essential respect. It may or it may not have been pertinent to the evidence. In this condition of uncertainty, we must assume that the court did right in refusing to give it, upon the theory that error will not be presumed, but must be affirmatively shown.

Instruction number 25, also asked by the appellant, was as follows:

"The presumption of innocence in favor of the defendant attaches to the question of the purity of the reagents employed in the chemical analysis of the contents of the stomach of the deceased, and unless the testimony shows that the reagents employed were pure and free from strychnia

or poison, then you must in this case regard such reagents as impure."

We have the same difficulty with this instruction that we had with the preceding one. We have no means of knowing whether there was any evidence before the jury touching reagents or a chemical analysis of the stomach of the deceased. Besides, as an abstract proposition, we are not prepared to carry the presumption of innocence to the extent evidently contemplated by this instruction. We are rather inclined to the opinion that when certain reagents are shown to have been employed in a chemical analysis to be used in evidence, the question of the purity or impurity of such reagents is one for the jury, to be determined upon all the facts before it.

At all events we do do not see how, under such circumstances, any presumption could be indulged against the purity of the reagents thus employed. No sufficient cause has been shown for a reversal of the judgment.

The judgment is affirmed, with costs.